UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YVONNE M. TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | ) No. CV 07-03548-VBK<br>)<br>) MEMORANDUM OPINION<br>) AND ORDER<br>)<br>) (Social Security Case)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.

1   After reviewing the matter, the Court concludes that for the
2   reasons set forth, the decision of the Commissioner must be reversed.

### DISCUSSION

In the single issue raised in this litigation, Plaintiff asserts that the ALJ failed to properly evaluate her testimony. She asserts the credibility assessment was not supported by clear and convincing reasons, pursuant to the guidelines set down by the Ninth Circuit in cases such as Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

At the hearing (AR 608-642), Plaintiff provided testimony as to her subjective symptoms. She described problems with her knees and the fingers on her right hand. (AR 616.) She has neck problems which affect her every day. (AR 620.) Turning her neck bothers her, and her neck will lock up if it is kept at a fixed point. (AR 627.) She does limited laundry, but her fingers hurt when she tries to use spray bottles. (AR 621.) She does limited grocery shopping and limited lifting. (AR 622.) To alleviate her pain, she has to lay down during the day for about 45 minutes, about three times a day. (AR 624.)

The ALJ determined that Plaintiff's residual functional capacity ("RFC") permits her to do light work with no forceful gripping, no standing more than 30 minutes continuously, no repetitive rotation of the neck, and no rotation past 45 degrees. (AR 16.)

Regarding the subjective symptoms as to which Plaintiff testified, the ALJ found that her "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Id.)

The question to be determined is whether the ALJ provided legally

sufficient reasons for rejecting Plaintiff's testimony. The Commissioner first argues that the ALJ's rejection of Plaintiff's testimony was based in part on the failure of corroboration by medical evidence. (See JS at 7.) Indeed, the ALJ provided brief summaries of various medical reports. (AR 16-17.) But what is missing is exactly what the law requires; that is, articulating a specific subjective symptom, followed by citation to specific evidence which impeaches the claim. Moreover, this articulation must be based on clear and convincing reasons. (See Lester, supra.) Instead, the ALJ made general findings, which are not subject to judicial review because they do not combine the requisite pairing of the rejected testimony with the evidence substantiating the rejection of that testimony. For example, taking the issue of grip strength, the ALJ points to medical tests which indicate that Plaintiff has intact and symmetrical grip strength. (See JS at 7, citing AR at 17, 144.) But if this is the case, the Court has no basis to determine how or why the ALJ calculated Plaintiff's RFC as precluding forceful gripping. If Plaintiff has intact grip strength, why should she be precluded from an occupation which requires forceful gripping? On the other hand, if this preclusion is based on crediting Plaintiff's subjective complaints, then it would appear that the ALJ did accept Plaintiff's testimony to some unspecified extent.

Similarly, the ALJ would appear to be relying upon some contradictions between the medical evidence and Plaintiff's descriptions of the extent of her abilities in performing activities of daily living ("ADLs"). But if this is the case, it is also true that the ALJ did not accurately summarize even Plaintiff's own description of her activities. For example, in ADLs such as doing

laundry, cooking, and shopping, Plaintiff articulated specific restrictions which appear to be related to her assertions of pain. Yet, in determining her credibility, the ALJ described these ADLs without factoring in the limitations described by Plaintiff.

Whether or not Plaintiff's claims are credited is highly relevant to the disability analysis. For example, Plaintiff's ability to turn her neck is one such factor. As testified to by the vocational expert ("VE"), the extent of functional limitation in this one area would impact Plaintiff's ability to perform the jobs identified by the VE at the Step Five level of the sequential evaluation analysis as available occupations. (<u>See</u> AR at 638-639.)

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Decision.

**IT IS SO ORDERED.**

DATED: March 10, 2008              /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

4